IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JEREMIA LIN ROTHMEYER                                                                          PLAINTIFF

v.                                    Civil No. 4:24-cv-04011-SOH-BAB

MICKEY BUCHANON; and
RICHARD ZANE BUTLER                                                                          DEFENDANTS

**REPORT AND RECOMMENDATION**

Plaintiff, Jeremia Lin Rothmeyer, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a). Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**I.   BACKGROUND**

Plaintiff filed his original Complaint and Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") on January 26, 2024. (ECF No. 1, 2). The Court granted Plaintiff's IFP Motion on the same date. (ECF No. 3).

In his Complaint, Plaintiff names two Defendants: Mickey Buchanon, public defender; and

1

Richard Zane Butler, Arkansas State Trooper.[1]  (ECF No. 1, pp. 1-2).  Plaintiff first claims Defendant Buchanon is providing him with ineffective assistance of counsel regarding his January 1, 2023, arrest and resulting charges.  (ECF No. 1, p. 4).  According to Plaintiff, Defendant Buchanon will not "do anything to aid my case unless I paid (sic) him."  *Id*. at 4-5.

For his official capacity claim against Defendant Buchanon, Plaintiff alleges he "often denies" effective assistance of counsel to detainees that "bond out without pay."  *Id.*  Plaintiff further alleges Defendant Buchanon is known to hinder the cases of his clients.

Next, Plaintiff claims Defendant Butler: (1) entrapped him; (2) unreasonably searched and seized him; and (3) used excessive force while arresting Plaintiff on January 1, 2023.  (ECF No. 1, p. 6).  According to Plaintiff:

> On January 1st 2023 after transporting a household appliance (washing machine), I stopped at a gas station to refuel my truck.  As my truck was fueling, Officer Richard Zane Butler, the defendant, asked if I was under the influence of narcotics, which I told him I was not.  He then reached through my truck window, unlocked my door, and pulled me from my truck with excessive force.  The defendant then held my arms in a restrictive position and placed a smoking pipe of some sort into my pocket before walking me to his patrol vehicle and pulling the pipe from my pocket for display to his dash camera.  He also hurt my shoulder in the process.

*Id.*

Plaintiff also makes an official capacity claim against Defendant Butler stating he is known to commit "widespread" illegal searches and seizures.  *Id.* at 7.  Plaintiff also states Defendant Butler is known as a "crooked cop" and for using excessive force.  *Id.*

For relief, Plaintiff requests compensatory and punitive damages.  Plaintiff also seeks an

---

[1] While Plaintiff identified Defendant Butler as an Arkansas State Tropper, the Court takes note that Defendant Butler identified himself as an officer of the Ashdown Police Department in a separate case before this Court.  *See Kaczmarek v. Zane Butler*, Civil No. 4:21-cv-04054, at ECF No. 37. Defendant Butler's employer is irrelevant for purposes of this Report and Recommendation and can be left for clarification at a later date.

apology from Defendant Butler and requests the Court place Defendant Butler under investigation. *Id*. at 9.

## II.     APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.     DISCUSSION

First, Plaintiff fails to state a claim against Defendant Buchanon because allegations against a public defender must fail as a matter of law when alleged under Section 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Sanders v. City of Minneapolis, Minn.,* 474 F.3d 523, 527 (8th Cir. 2007) (private actors can only be liable under Section 1983 if "they are willing participants in a

joint action with public servants acting under color of state law.") (internal citations omitted). "The conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of a Section 1983 violation." *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990). *See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"). Accordingly, Plaintiff's complaints, regarding the representation by his counsel in his criminal trial, do not constitute a cognizable claim under 42 U.S.C. § 1983.

Since Plaintiff has failed to state an individual claim against Defendant Buchanon, he cannot maintain an official capacity claim against him. *See Morris v. Cradduck,* 954 F.3d 1055, 1060 (8th Cir. 2020) *Sanders v. City of Minneapolis, Minn.,* 474 F.3d 523, 527 (8th Cir. 2007) (citing *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986))

Next, Plaintiff's Fourth Amendment claims of "unreasonable search and seizure" and "entrapment" against Defendant Butler regarding his January 2023 arrest are not yet ripe for consideration by this Court. Plaintiff's state criminal charges—resulting from the January 2023 arrest—are still pending before the Honorable Tom Cooper, in Little River County Circuit Court. *See State v. Jeremia Lin Rothmeyer*, 41CR-23-2, 9th West Circuit Division 1, https://caseinfo.arcourts.gov/opad/case/41CR-23-2 (last visited March 5, 2024) (Plaintiff is charged with a Class B Felony for possession of controlled substance and a Class C Felony for possession of Fentanyl).

Pursuant to *Younger v. Harris,* 401 U.S. 37 (1971), federal courts are required to abstain from hearing cases when "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the

4

federal questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (internal citation omitted). Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to that state proceeding should be raised there. *Meador v. Paulson*, 385 Fed. App'x 613, 2010 WL 2793555, at *1 (8th Cir. 2010); *see also Gillette v. N. Dakota Disc. Bd. Counsel*, 610 F.3d 1045, 1046 (8th Cir. 2010). "If all three questions are answered affirmatively, a federal court should abstain unless it detects 'bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate.'" *Night Clubs, Inc. v. City of Ft. Smith, Ark.*, 163 F.3d 475, 479 (8th Cir. 1998) (*quoting Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)).

When only equitable relief is sought, *Younger* "contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal to the state courts." *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973) (a Section 1983 case involving only injunctive relief, and not damages). In cases where damages are sought, the Eighth Circuit has noted that the Supreme Court instructs that traditional abstention principles generally require a stay as the appropriate mode of abstention rather than a dismissal. *Night Clubs, Inc.*, 163 F. 3d at 481. In *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996), the Court said:

> In those cases in which we have applied traditional abstention principles to damages actions, we have only permitted a federal court to withhold action until the state proceedings have concluded, that is, we have permitted federal courts applying abstention principles in damages actions to enter a stay, but we have not permitted them to dismiss the action altogether.

*Id*. at 730. Plaintiff seeks compensatory and punitive damages for the "unreasonable search and seizure" and "entrapment" that he claims lead to his pending drug possession charges. Plaintiff has not alleged he is prevented from bringing his entrapment and search and seizure claims in state court. Accordingly, it is appropriate, pursuant to the *Younger* doctrine, to stay Plaintiff's unlawful

search, seizure, and entrapment claims against Defendant Butler until his state criminal case concludes.

Plaintiff's final claim of excessive force against Defendant Butler is ripe for consideration and could proceed. There is no indication Plaintiff has any pending state criminal charges related to resisting arrest, fleeing, obstruction, or any other charges which could implicate the *Younger* abstention doctrine for his excessive force claims. However, Defendant Butler is named for both claims, and severing the claims into two separate cases would result in Plaintiff being responsible for two separate filing fees under the Prison Litigation Reform Act. It does not, therefore, appear appropriate to sever the claims at this time. If, however, Plaintiff wishes to sever his excessive force claim and immediately proceed with prosecuting said claim he may file a motion to do so.

## IV.   CONCLUSION

For these reasons, it is recommended Plaintiff's claims against Defendant Buchanon be dismissed pursuant to 28 U.S.C. § 1915A(b)(2) because it seeks relief from a party immune to suit; and that Plaintiff's claims against Defendant Butler be administratively stayed until such time Plaintiff can show the Court his criminal case has been resolved in Little River County Circuit Court.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 6th day of March 2024.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE